IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ELI BUTLER,

    Petitioner,

v.                                           CASE NO. 4:08-cv-0378-RH-GRJ

WALTER MCNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) challenging a 1996 Madison County conviction for attempted first degree murder, sexual battery, and kidnaping, for which he is serving a life sentence. Because it appeared from the Court's research that Petitioner may have filed more postconviction motions and appeals than identified in the original Petition, the Court ordered Petitioner to file an Amended Petition, Doc. 5. It is clear from the face of the Amended Petition that it is time-barred, and therefore the undersigned recommends that it be dismissed.

## One-Year Limitation Period

Petitioners whose convictions became final after the April 24, 1996, effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post

conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."  28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner concedes that his conviction was affirmed on direct appeal in 1997, and states that he did not seek further direct review.  Doc. 5; *see Butler v. State*, 703 So.2d 479 (1st DCA 12/3/97) (table).  Accordingly, his conviction became final 90 days later, on March 3, 1998, when the time for filing a petition for a writ of certiorari to the U.S. Supreme Court elapsed.  The instant petition, filed more than 10 years later on August 21, 2008, is therefore time-barred.  Petitioner alleges that he did not pursue postconviction relief in the state courts until October 24, 2007, and that such relief was denied on February 19, 2008.  Doc. 5.  At the time Petitioner filed his postconviction motion in October 2007, the one-year federal filing period had long elapsed.  Petitioner avers that he did not file any other petitions or motions in state court pertaining to the challenged conviction.  Doc. 5.

As noted in the Court's order to amend, research of Petitioner's past state-court cases reflects that he may have had additional matters pending in the state courts in addition to that described above.  Although afforded an opportunity to amend and clarify his other filings, Petitioner has not done so.  Even if the cases identified in the Court's research are in fact Petitioner's, the latest-filed case terminated on January 18, 2007.  *See Butler v. State*, 947 So.2d 1163 (1st DCA 1/18/2007) (table).  Thus, even if Petitioner's other matters tolled the limitations period from the date his conviction became final on March 3, 1998, until the most recent state postconviction matter terminated on January 18, 2007, the instant petition would still be time-barred because

it was filed more than one year after January 18, 2007.  Petitioner makes no argument that equitable tolling would be applicable to his circumstances.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Amended Petition, Doc. 5, be **DISMISSED** as time-barred, and that a certificate of appealability be **DENIED**.

IN CHAMBERS  this 31st  day of January 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**